# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Walter McQune, # 299882,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Skyler Hutto,** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 2:17-cv-1747-RMG-MGB<br><br><br><br>**REPORT AND RECOMMENDATION** |

This is a civil action pursuant to 42 U.S.C. § 1983. Walter McQune ("Plaintiff") is a state prisoner incarcerated at Goodman Correctional Institution located in Columbia, South Carolina. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is now in proper form. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

## I. Background

In 2003-2004, Walter McQune was indicted for murder (Colleton County Court, General Sessions, Indictment No. 2003-GS-15-0491) and "weapons/illegal possession of teargas or ammunition for teargas." (Indictment No. 2004-GS-15-094). Through legal counsel, McQune negotiated a plea agreement and pleaded guilty to a reduced charge of manslaughter. The weapons charge was disposed of by the prosecutor's entry of "nolle prosequi" on January 16, 2004. The state court sentenced McQune to twenty-five (25) years of imprisonment. On October 15, 2004, McQune filed an application for post-conviction relief ("PCR"), which was dismissed on August

8, 2007. (See Case No. 2004-CP-15-01002). On March 19, 2013, he filed a second application for PCR, which was dismissed on April 21, 2017. (See Case No. 2013-CP-15-0214). Remittitur was filed on May 11, 2017.

## II. The Present Lawsuit

On June 30, 2017, Plaintiff filed a hand-written federal complaint under 42 U.S.C. § 1983. (DE# 1). Pursuant to this Court's proper form order of July 7, 2017 (DE# 7, Plaintiff completed and returned a pre-printed prisoner complaint form, which was attached to his original Complaint on August 2, 2017. (DE# 1-3).[1] Plaintiff sues one defendant, Skyler Hutto, described as "Law Clerk for the Honorable Perry M. Buckner." (DE#1 at 2; DE# 1-3 at 2, ¶ I(B)). Plaintiff alleges that the Defendant "is employed by the South Carolina Judicial Department and is sued in individual and official capacity." (DE# 1 at 2). A brief online search indicates that Perry M. Buckner is a judge for the Fourteenth Judicial Circuit Court of Colleton County, South Carolina.[2] Judge Buckner is the presiding judge in Plaintiff's most recent state post-conviction ("PCR") proceeding.

Plaintiff's minimal allegations in his proper form complaint are difficult to follow. For his entire statement of the claim, Plaintiff alleges (verbatim):

> On November 4, 2016, I mailed a summon with order answer objections to condition order of dismissal Colleton County Clerk of Court to be filed. On November 7, 2016 at a.m. 11:18 it was filed and forward to Perry M. Buckner [for] consideration. On November 22, 206, Skyler Hutto "clock in time cancelled" order after conferring with Clerk of Court denied me access to Court.

(DE# 1-3 at 4, ¶ IV). It is unclear what Plaintiff means by "Skyle Hutto 'clock in time cancelled' order." However, Plaintiff's initial hand-written complaint contains a longer narrative that sets

---

[1] For simplicity's sake, both documents will be referred to together as the Complaint, unless otherwise specified.

[2] See http://www.county-courthouse.com/sc/walterboro/fourteenth-judicial-circuit-court-colleton-county.

forth some additional allegations. Plaintiff indicates that on November 4, 2016, he submitted a "proposed order, answer, [and] objections to conditional order of dismissal" to the state court regarding his second PCR application. (DE# 1, ¶¶ 7, 24). According to Plaintiff, Defendant Hutto informed him that "it is not clear what this [proposed] Order would demand of the Court and Attorney General" and that "Judge Buckner cannot sign this order in its current form." (*Id*. at ¶¶ 23-26). Instead of submitting an amended proposed order, Plaintiff filed this federal lawsuit against Judge Buckner's law clerk.

Plaintiff contends that he "receive[d] a loss of liberty to be heard in a meaningful way and adequate judicial review and emotional distress." (DE# 1-3 at ¶ V). For relief, Plaintiff seeks: 1) compensatory damages in the amount of $300,000.00; 2) punitive damages in the amount of $5,000.00; "declaratory judgment for breach of contract;" and "injunctive relief." (DE# 1-3 at 6, ¶ VI "Relief"). The hand-written complaint also asks this Court to issue an injunction ordering the Defendant to "protect my constitutional rights to access to the Court" in the state PCR proceeding. (DE# 1 at 12). Plaintiff's second PCR proceeding had already concluded when he filed this lawsuit (see Case No. 2013-CP-15-0214, remittitur filed 5/11/2017). Plaintiff's hand-written complaint contains additional requests for declaratory judgment that make no sense in the context of a § 1983 action. For example, Plaintiff demands (verbatim):

> ¶ 39 A declaration enter a judgment in favor of the plaintiff and against the defendant for the entry of an order declaring the rights and other legal relations of the plaintiff and the defendant created by the subjects policy; and
>
> ¶ 40 Enter a judgment in favor of the plaintiff and against the defendant for the entry of an order declaring that the defendant has no right in and to the sum's (sic) payable under the policy;
>
> ¶ 41 Enter a judgment in favor of the plaintiff and against the defendant for the entry of an order declaring that the plaintiff is entitled to coverage under the policy and, the defendant has a duty to defend and/or reimburse

> the Plaintiff for all it's (sic) including reasonable attorney fees, in defending the action Section 1985 for insurance coverage in breach of contract.

(DE# 1 at 11-12, "Relief Requested").[3] This case is a § 1983 action and does not concern any issues regarding breach of contract or insurance policy coverage. In other words, the Plaintiff's requested relief for declaratory judgment is not related to or based upon any factual allegations set forth in the Complaint.

### III. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The *pro se* Plaintiff is proceeding *in forma pauperis*, and therefore, 28 U.S.C. § 1915 applies to this case. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*,

---

[3] As background, Plaintiff provides a complicated description of his alleged filings in an earlier PCR proceeding (Case No. 2004-CP-15-1002), and indicates that "on November 23, 2005 and March 2, 2006, the South Carolina Department of Mental Health opined me to be incompetent." (DE# 1 at 4).

490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## IV. Discussion

To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Bell Atlantic Corp*., 550 U.S. at 555. While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has repeatedly instructed that

a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). Review of the present Complaint reflects numerous grounds for summary dismissal.

### A. Quasi-Judicial Immunity

Immunity is a threshold issue which should be resolved early in a case. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that absolute immunity "is an immunity from suit rather than a mere defense to liability"). Absolute judicial immunity protects judges from suits for damages for their judicial actions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions.").

Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities for the courts are involved. Courts have recognized this as "quasi-judicial immunity." *See, e.g., Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016); *Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013).

As a law clerk for Judge Buckner, Defendant Hutto is protected by absolute quasi-judicial immunity in his individual capacity for the performance of his official duties as judicial staff. Quasi-judicial immunity has been applied to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly,

will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). "Absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation." *Burns v. Reed*, 500 U.S. 478, 494 (1991). Although Plaintiff contends that Judge Buckner's law clerk "should have known his conduct [was] outside the scope of his official capacity" (DE# 1 at 9), such argument is unavailing. The United States Supreme Court has explained that a judicial officer will not be deprived of immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356–57.

According to the allegations of the Complaint, Defendant Hutto informed Plaintiff that "Judge Buckner cannot sign this order in its current form." (DE# 1 at 7-8, ¶¶ 23-26; see also DE# 1-1 at 9, attached letter from state court, dated 11/22/2016). Defendant Hutto was unquestionably acting pursuant to authority delegated by the court. Plaintiff's characterization of the Defendant's actions as "denying access to court" is conclusory and unavailing. Plaintiff filed a proposed "order," but it was not approved by the Court. (DE# 1-1 at 1-5, *pro se* hand-written documents labeled as "summons, statement of the case").[4] Defendant Hutto merely informed Plaintiff of this. *See McCray v. Maryland*, 456 F .2d 1, 5 (4th Cir. 1972) (extending immunity to court personnel, including law clerks, who act under the direction of the court); *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013). Defendant Hutto is entitled to quasi-judicial immunity for performing official duties for the court

---

[4] In his letter to the state court, Plaintiff refers to his documents as "summons and order answer objection to conditional order of dismissal" (see DE# 1-1 at 6).

and is entitled to summary dismissal of any claims for monetary damages against him. This lawsuit against Judge Buckner's law clerk should be dismissed. *See, e.g., Jackson v. Houck*, Case No. 8:05-cv-1412-MBS-BHH, 2005 WL 5396455 (D.S.C. Oct. 28, 2005) (summarily dismissing prisoner's lawsuit against law clerk on grounds of quasi-judicial immunity).[5]

Although Plaintiff lists "injunctive relief" in his prayer for relief, Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983, bars injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. *See Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) (collecting cases). Plaintiff does not allege that a declaratory decree was violated, nor does he contend that declaratory relief was unavailable in state court, and therefore Plaintiff's request for injunctive relief is subject to dismissal. *See, e.g., Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105 (D.S.C. Jan. 27, 2012), *adopted by* 2012 WL 988083 (D.S.C. March 22, 2012), *aff'd by* 489 F.App'x 720 (4th Cir. Nov. 26, 2012): *Robinson v. South Carolina*, Case No. 4:13-cv-1733-RBH-SVH, *3, 2013 WL 4505419 (D.S.C. Aug. 22, 2013).

### B. Official Capacity, 11th Amendment Immunity

To the extent Plaintiff seeks monetary damages from Defendant Hutto in his official capacity, the Defendant is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies,

---

[5] In addition, Plaintiff's allegation that he was "denied access" to courts is entirely conclusory. His allegation is a mischaracterization based on his own misapprehension of the law. In order to establish a claim of denial of access to the courts, an inmate cannot rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996) (en banc); *Chase v. O'Malley*, 466 F.App'x 185, 186 (4th Cir. 2012). Plaintiff has not alleged any specific harm from being informed by judicial staff that his proposed order would not be signed by the judge. Plaintiff's Complaint fails to state a plausible claim for any "denial of access to courts," and in any event, Plaintiff cannot state any claim against the judicial law clerk.

divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). Based on sovereign immunity, Defendant Hutto is protected from suit for monetary damages in his official capacity and should be dismissed as a party.

One additional point should be mentioned. The *Ex parte Young* exception to Eleventh Amendment immunity allows a private citizen, <u>in appropriate cases</u>, to petition a federal court to enjoin state officials in their official capacities for prospective or declaratory relief for ongoing violations of federal law. In *Ex parte Young,* the United States Supreme Court explained that:

> individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

209 U.S. 123, 155–56 (1908); *see also Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 438 (2004). For the exception to apply, there must be a "special relation" between the officer being sued and the challenged statute. *Ex parte Young,* 209 U.S. at 157. This requirement of "proximity to and responsibility for the challenged state action" is not met where, as in the present case, a state official merely possesses "[g]eneral authority to enforce the laws of the state." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332–33 (4th Cir. 2008). Defendant Hutto is not "about to commence proceedings" against Plaintiff. Plaintiff is not challenging any statute, rather, he is complaining that his proposed order was not approved by the state court, which is a routine procedural matter

of case management that involves no constitutional violation. As already noted, Plaintiff's allegation that he was "denied access" to courts is entirely conclusory and is merely a mischaracterization based on his own misapprehension of the law.

Moreover, the *Ex Parte Young* exception concerns prospective or declaratory relief. Here, Plaintiff asks for damages for a single past incident and also asks this Court to issue an injunction ordering the Defendant to "protect [his] constitutional rights to access to the Court" in his state PCR proceeding. The type of relief sought by Plaintiff cannot accurately be characterized as "prospective."[6] Plaintiff was able to pursue a state appeal, and his second PCR proceeding has already concluded. Although Plaintiff also asks for declaratory relief regarding insurance policy coverage, his request in nonsensical in the context of this § 1983 action, which does not concern any insurance policy coverage. Plaintiff's allegations do not implicate the *Ex Parte Young* exception, and Defendant Hutto is protected by sovereign immunity in his official capacity.

## C. *Rooker–Feldman* **Doctrine**[7]

Review of the Complaint suggests the possibility that the *Rooker–Feldman* doctrine may also apply here. Plaintiff appears to be complaining about the results in several PCR proceedings. For example, Plaintiff attempts to explain alleged flaws in his PCR proceedings and finds fault with those decisions (see DE# 1 at 6, ¶¶ 19-21, complaining that "the Honorable Carmen T. Mullen erred August 8, 2007 when she did not conduct an evidentiary hearing … and signed the Consent Order"). Plaintiff also appears to complain about the result in his second PCR proceeding, i.e. he

---

[6] Black's Law Dictionary defines "prospective" as "looking forward; contemplating the future." See http://thelawdictionary.org/prospective. Plaintiff is essentially demanding that this Court force the state court to accept his *pro se* proposed order in his PCR case. The Complaint fails to allege facts that would amount to an ongoing violation of federal law. See Federal Practice and Procedure, § 1;427 Injunctive Relief. Plaintiff has stated no basis for any prospective relief here.

[7] The *Rooker-Feldman* doctrine is derived from the Supreme Court's decisions in *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fid. Trust Co*., 263 U.S. 413, 416 (1923).

alleges that Defendant Hutto informed him that Judge Buckner could not sign the Plaintiff's proposed order (regarding conditional dismissal of the second PCR application). If Plaintiff is attempting to seek review of the decisions in his state PCR proceedings, this federal Court would lack jurisdiction to review any such state decisions, particularly in the context of a § 1983 action.[8]

Pursuant to the *Rooker–Feldman* doctrine, a federal court may not review state court decisions. *Dell Webb Communities, Inc. v. Carlson,* 817 F.3d 867, 872 (4th Cir. March 28, 2016) ("Under *Rooker–Feldman*, only the U.S. Supreme Court may review state court final judgments; a federal district court has no such authority."), *cert. denied*, 137 S.Ct. 567 (2016). The *Rooker–Feldman* doctrine bars any proceeding that would "functionally amount to a lateral appeal to a United States district court." *Moore v. City of Asheville, N.C.*, 396 F.3d 385, 392 n.2 (4th Cir.), *cert. denied*, 546 U.S. 819 (2005). The doctrine prevents a federal court from asserting jurisdiction in cases brought by state court litigants dissatisfied with state-court decisions and "inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (reiterating that lower federal courts lack jurisdiction to review and reject "cases brought by state court losers complaining of injuries caused by state-court judgments"); *see also Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945 (1998); *Stanfield v. Charleston Cty. Court*, Case No. 2:15–cv–756–PMD–MGB, 2015 WL 4929186, *5 (D.S.C. Aug. 18, 2015) ("Despite Plaintiff's strenuous attempts to distinguish his cause of action

---

[8] Similarly, federal courts will not interfere in ongoing state criminal proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that plaintiff was not entitled to federal court equitable relief against state prosecution "where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith"); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (federal courts should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances); *Martin Marietta Corp. v. Md. Comm'n on Hum. Rel.*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432). Here, Plaintiff is complaining about his civil PCR proceedings, which in turn, challenge his underlying criminal conviction. As this case is dismissible on numerous other grounds, the Court need not consider whether *Younger v. Harris* has any application here.

as a violation of constitutional law as opposed to an attack on a state court judgment, Plaintiff has no claim independent of the adverse state-court decisions."). Plaintiff appears to be attempting to do this very thing in the present case, i.e., he is inaccurately characterizing his claim as a violation of constitutional law as opposed to an attack on a state court judgment.

To the extent Plaintiff seeks federal court review of any state court PCR decision in this § 1983 action, the *Rooker–Feldman* doctrine would bar review. A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). If Plaintiff felt aggrieved by the results in his state PCR proceedings, his available remedy was a state appeal, not a § 1983 action in federal court.

## V. Conclusion

In sum, the Complaint 1) sues a Defendant protected by absolute quasi-judicial immunity in his individual capacity; 2) sues a Defendant protected by Eleventh Amendment sovereign immunity in his official capacity; and 3) fails to state a plausible claim for denial of "access to courts." As the Amended Complaint "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief," the Complaint is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B). Amendment of the Complaint cannot cure the deficiencies discussed herein.

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

August 10, 2017
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).