IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Walter McQune, #299882, | ) | Civil Action No. 2:17-1747-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Skyler Hutto, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the Court summarily dismiss the complaint without prejudice and without service of process. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, and summarily dismisses the complaint with prejudice and without service of process.

## I. Background

Defendant was indicted for murder and other charges in the Colleton County Court of General Sessions in 2003. He pleaded guilty to manslaughter and he was sentenced to 25 years imprisonment. On November 4, 2016, Plaintiff submitted a "proposed order, answer, [and] objections to conditional order of dismissal" to the Colleton County Court of General Sessions regarding his second post-conviction relief ("PCR") application. According to Plaintiff, Defendant Hutto, law clerk for the Honorable Perry M. Buckner, informed him that "it is not clear what this [proposed] Order would demand of the Court and Attorney General" and that "Judge Buckner cannot sign this order in its current form." Instead of submitting an amended proposed order, Plaintiff filed this federal lawsuit against Judge Buckner's law clerk. Plaintiff seeks $305,000 in damages and declaratory and injunctive relief.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Prisoner Litigation Reform Act

This action been filed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without payment of costs. The statute allows a district court to dismiss summarily an action that "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "With the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three

cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.*

## III. Discussion

The Court fully agrees with the determination of the Magistrate Judge that this action should be dismissed summarily and without service of process. Judicial law clerks have absolute quasi-judicial immunity from suits for money damages arising from their official acts. *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("Likewise, law clerks . . . are also entitled to absolute judicial immunity when assisting the judge in carrying out the former's judicial functions." (internal quotation marks omitted)). Judge Buckner's law clerk indisputably was assisting Judge Buckner's judicial function when responding to Plaintiff's proposed order.

Judicial and quasi-judicial absolute immunity does not extend to actions for declaratory or injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 540-42 (1984). But the Federal Courts Improvement Act of 1996, Pub. L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that a declaratory decree was violated, nor does he contend that declaratory relief was unavailable in state court, and therefore Plaintiff's request for injunctive relief is subject to dismissal. Further, the *Rooker-Feldman* doctrine bars Plaintiff's requested declaratory relief. Plaintiff seeks declaratory relief stating that the state courts erred in considering Plaintiff's PCR applications; specifically, that an evidentiary hearing should have been held on his claim that he was mentally incompetent when he pleaded guilty to manslaughter. (*See* Dkt. No. 1 ¶¶ 9–22.) But federal courts (other than the Supreme Court) may not review state court decisions. *Dell Webb Communities, Inc. v. Carlson*, 817 F.3d 867, 872 (4th Cir. 2016).

The Court however declines to adopt the Report and Recommendation insofar as it recommends dismissal without prejudice. Dismissal on judicial or quasi-judicial absolute immunity grounds is properly with prejudice. *See Ostrzenski v. Seigel*, 177 F.3d 245, 253 (4th Cir. 1999). State-court defendants may not seek declaratory relief in § 1983 actions as a means to appeal decisions in state-court PCR proceedings. The injunctive relief sought is unavailable the same reason; moreover, it is barred by statute. Plaintiff cannot cure these deficiencies through amendment of the complaint; dismissal with prejudice therefore is appropriate. *See Alvarez-Soto v. B. Frank Joy, LLC*, --- F. Supp. 3d ----, 2017 WL 2731300, at *11 (D. Md. June 23, 2017) ("[P]laintiffs must be given 'every opportunity to cure a formal defect in his pleading' unless it 'appears to a certainty that the plaintiff cannot state a claim.'" (quoting *Ostrzenski*, 177 F.3d at 252–53)).

Further, the Court finds this action is frivolous and summarily dismisses it with prejudice for that reason as well. Under the *in forma pauperis* statute, a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint—seeking over $300,000 from a state-court law clerk because he told Plaintiff the judge would not sign his proposed order and seeking equitable relief directing state-court PCR proceedings to conform to Plaintiff's desires—manifestly lacks any arguable basis in law or fact. A defendant unhappy with a judicial action in state-court proceedings regarding his criminal convictions cannot sue the judge or his staff in federal court. Any attempt to do so is frivolous. If Plaintiff continues to file frivolous pleadings, he risks the accumulation of three strikes against him and the resulting denial of future requests for *in forma pauperis* status.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 13). The complaint

is **DISMISSED WITH PREJUDICE**. The Court **FINDS** that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g). This dismissal counts as a strike under the PLRA.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 5, 2017
Charleston, South Carolina